# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:07-cr-00013

SIMERNON ROGERS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's pro-se *Motion for Modification of an Imposed Term of Imprisonment, Alternatively, Motion for Sentence Reduction, Pursuant to the 'First Step Act of 2018' and 18 U.S.C. §§ 3582, 3553, 3661* (Document 67), the counseled *Memorandum in Support of Pro Se Motion for Modification of an Imposed Term of Imprisonment* (Document 71), and the *Response of the United States to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 74).

In addition to the parties' briefing, the Court has reviewed and considered the original Judgment and Commitment Order and Statement of Reasons, plea agreement, Presentence Investigation Report, and the opinion issues on appeal. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to

trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c). The First Step Act does not specify the statutory mechanism for imposing reduced sentences. Judge Faber recently applied 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" and found that no plenary resentencing hearing is required. *United States v. Banks*, No. CR 1:07-00157, 2019 WL 2221620, at *4 (S.D.W. Va. May 22, 2019) (Faber, J.). This Court adopts the same procedure.

The Defendant, Simernon Rogers, asserts that he is eligible for a sentence reduction. He argues that he has served more than the now-applicable Guideline range and seeks a sentence of time served, to be followed by a reduced four-year term of supervised release. The United States concurs that he is eligible for a reduction to a time-served sentence and a four-year term of supervised release. Mr. Rogers waives any right to be present at a sentencing hearing in the interest of expediting review of his motion.

Mr. Rogers pled guilty to distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). At the time of his conviction and sentencing, he was subject to a statutory sentencing range of ten years to life, followed by a mandatory minimum of five years of supervised

release.  The sentencing court found that the drug quantity attributable to Mr. Rogers was 55.8 grams of cocaine base.  At the time of his sentencing, that corresponded to a base offense level of 30, reduced to 27 following application of a three-level reduction for acceptance of responsibility. He was in Criminal History Category V, with a Guideline range of 120 to 150 months of imprisonment. On May 5, 2008, he was sentenced to 132 months of imprisonment, to be followed by a five-year term of supervised release.  On March 1, 2012, the Court granted a motion to reduce sentence pursuant to 18 U.S.C. § 382(c)(2) based on a reduction in the applicable sentencing guideline, applied a four-level reduction, and reduced Mr. Rogers' sentence to the mandatory minimum of 120 months.

Under current law, the statutory sentencing range for the drug quantity Mr. Rogers was charged with is five to forty years, followed by a term of supervised release of at least four years. The 55.8 grams of cocaine base attributed to Mr. Rogers now corresponds to a base offense level of 24, reduced by the acceptance of responsibility to 21.  With a Criminal History Category of V, that results in a guideline range of 70 to 87 months.

The Court finds that a sentence reduction to time served, followed by four years of supervised release, is appropriate in this case.  Mr. Rogers has served in excess of the top of the newly applicable guideline range and has a current scheduled release date of July 12, 2019.  The Court finds this sentence sufficient, yet not greater than necessary, to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a) and to effectuate the purposes of the FSA and the Fair Sentencing Act of 2010.

Having considered Mr. Rogers original and amended guideline ranges, the original sentencing materials, as well as the applicable sentencing factors, the Court **ORDERS** that the

Defendant's pro-se *Motion for Modification of an Imposed Term of Imprisonment, Alternatively, Motion for Sentence Reduction, Pursuant to the 'First Step Act of 2018' and 18 U.S.C. §§ 3582, 3553, 3661* (Document 67) and the counseled *Memorandum in Support of Pro Se Motion for Modification of an Imposed Term of Imprisonment* (Document 71) be **GRANTED** and that the Defendant's sentence be **REDUCED** to **TIME SERVED**, to be followed by **four years** of supervised release under the terms and conditions originally orders. The Court further **ORDERS** that the Defendant's release date be calculated within **SEVEN (7)** days of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 21, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA